UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JOAN WAN,

                     Plaintiff,

      - against -

TRANS UNION, LLC; EQUIFAX
INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS,
INC.; INNOVIS DATA SOLUTIONS, INC.;
and JPMORGAN CHASE BANK, N.A.,

                     Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-115 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

      On January 7, 2022, Defendant Trans Union LLC ("TransUnion") filed a Notice of Removal of Plaintiff Joan Wan's state court lawsuit brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), against TransUnion, Equifax Information Services, LLC, Experian Information Solutions, Inc., Innovis Data Solutions, Inc. (collectively, the "Credit Reporting Defendants"), and JPMorgan Chase Bank, N.A. ("Chase"). (Notice of Removal, Dkt. 1.) On January 10, 2022, the Court issued an order directing the parties to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction in light of *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). (*See* 1/10/2022 Order to Show Cause.) On January 17 and 18, 2022, TransUnion and Plaintiff filed their respective responses to the Court's show-cause order, both arguing that Plaintiff has alleged sufficient injury-in-fact to demonstrate standing. (*See* Dkts. 12, 13.) On February 23, 2022, the Court issued an order finding that Plaintiff does not meet the Article III standing requirement and giving Plaintiff until March 16, 2022, to file a supplemental letter, if any, in support of her standing claim. (*See* 2/23/2022 Order to Show Cause.) Plaintiff did not file a supplemental letter.

1

Plaintiff alleges the following facts in her Complaint. In 2019, Plaintiff disputed certain charges on her credit card account as fraudulent and "refused to pay" Chase for the charges. (Compl., Dkt. 1-2, ¶¶ 11–13.) In 2020 and 2021, "Plaintiff learned that Chase was credit reporting the account as charged off which was harming Plaintiff's otherwise positive credit." (*Id.* ¶ 14.) Plaintiff "submitted disputes" to the Credit Reporting Defendants, but they maintained "that the information should remain on Plaintiff's credit" based on Chase's verifying "that the information should continue reporting as is." (*Id.* ¶¶ 14–18.) Plaintiff alleges that (1) the Credit Reporting Defendants "prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff" to one or more third parties that were "false, misleading, and inaccurate," (*id.* ¶¶ 21–22), and (2) Defendant Chase supplied the Credit Reporting Defendants "with negative consumer report information about Plaintiff that was false and misleading" and "continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies," (*id.* ¶¶ 30, 33). As a result, Plaintiff claims to have "suffered emotional and actual damages, including severe anxiety and limited credit opportunities," (*id.* ¶ 19), and "mental anguish, humiliation, and embarrassment," (*id.* ¶ 26). Plaintiff seeks "the greater of statutory or actual damages, punitive damages along with costs, interest, and attorney's fees." (*Id.* at 5, 6.)

The Court finds that Plaintiff has not demonstrated standing to bring her claims in federal court.

First, Plaintiff's allegations that she suffered "limited credit opportunities" and harm to her "otherwise positive credit" do not constitute concrete injury. Damage to personal credit and a vague claim of "limited credit opportunities," without an allegation that these circumstances resulted in a materialized injury, or a sufficiently imminent and substantial risk of injury, is

2

insufficient to confer standing. *Maddox v. Bank of N.Y. Mellon Tr. Co.*, 19 F.4th 58, 65 (2d Cir. 2021) ("[Plaintiffs] contend that the [defendant bank's] delay adversely affected their credit during that time, making it difficult to obtain financing had they needed it in an emergency or for a new home. But it is not alleged that this purported risk materialized . . . [and therefore cannot] giv[e] rise to Article III standing.").

Second, Plaintiff's allegations that inaccurate information about her was distributed by the Credit Reporting Defendants to one or more third parties similarly does not constitute concrete injury because the "complaint does not 'clearly allege' any facts demonstrating disclosure to third parties." (2/23/2022 Order to Show Cause (citing *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110 (2d Cir. 2018)). As the Court previously found in this matter, "the complaint is devoid of any information from which the Court could determine when and how Plaintiff's credit report was shared, who it was shared with, and how Plaintiff learned of the disclosure." (*Id.*) Moreover, despite twice being given the opportunity to provide the Court with additional allegations about dissemination of inaccurate information to third parties, Plaintiff has elected not to do so. Accordingly, the Court finds that "Plaintiff's allegation of injury is 'so insubstantial' that it does not meet the standing standards." (*Id.*)

Third, Plaintiff's claim of emotional damages falls short because she does not "plead enough facts to make it plausible that [she] did indeed suffer the sort of injury that would entitle [her] to relief." *Maddox*, 19 F.4th at 65–66 (quoting *Harry*, 889 F.3d at 110). Plaintiff's "perfunctory allegation of emotional distress . . . is insufficient to plausibly allege constitutional standing." *Id.* at 66; *see also In re FDCPA Mailing Vendor Cases*, 551 F. Supp. 3d 57, 65 (E.D.N.Y. 2021) (finding no concrete injury because "simply mailing a collection letter, even if

erroneous, is a far cry from extreme and outrageous conduct," as required for intentional infliction of emotional distress (internal quotation marks omitted)).

Accordingly, because Plaintiff has failed to allege any concrete injury, she does not have Article III standing and this Court lacks subject matter jurisdiction over her FCRA claim. This case is therefore remanded to state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## CONCLUSION

The Clerk of Court is respectfully directed to remand the entire action to the Supreme Court of New York, Kings County, under case number 528438/2021 and to terminate this matter.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 30, 2022
Brooklyn, New York